JAMES NASH *versus* UNION MUTUAL INSURANCE COMPANY.

Where the by-laws of a company stipulate that the risk upon their policy shall be suspended, if the insured shall neglect for a given time, when personally called upon, to pay any assessment duly made; the defendant company cannot be considered as having waived their right to be exempted from liability for the plaintiff's loss, by their subsequent assessment and collection to cover it.

A demand made by one having a receipt in full from the proper authority in discharge of the liability, is as much a personal demand as though made by the one who signed the receipt.

The facts were agreed by the parties.

This is an action of assumpsit brought upon a policy of insurance issued by the defendants, dated May 20, 1854, running three years.

The property insured upon was entirely destroyed by fire on the night of July 3, 1855; within thirty days after said loss, the plaintiff notified the company thereof, and within that time complied in all respects with the provisions of article 14 of the by-laws of said company.

The defendants contend that they are not liable by virtue of the 12th article of their by-laws, which reads as follows: "If the insured shall neglect for the space of ten days, when personally called upon, to pay any premium or assessment upon either class of property, the risk of the company on the policy shall be suspended till the same is paid; but if the insured shall refuse to pay any assessment, the directors may terminate the same by giving notice thereof in writing, either personally or by mail, to the insured; provided such termination of the risk shall not affect the validity of the policy or note so far as respects past dues."

Some time in the month of May, 1855, one John F. Holmes, a driver of a stage between Augusta and Gardiner, called upon the plaintiff, and presented to him for payment a paper purporting to be a bill of an assessment made by the defendants upon the plaintiff, and telling him he received it from the agent at Augusta; the plaintiff said to him, he should have

some money in a few days, and then he would settle it; Holmes received said paper of one Stephen Hawes, of Augusta, who is agent of said company, and he subsequently returned it to said Hawes unpaid.

Said Hawes received the bill of the treasurer for collection.

*C. Danforth,* counsel for plaintiff.

*Bradbury, Morrill, & Merserve,* counsel for defendant.

HATHAWAY, J.   The plaintiff had a right to be satisfied that Holmes was duly authorized to receive the money, before he acted upon his demand, and a refusal, upon that specific ground, would have been justifiable.   Solomons v. Dawes, 1 Esp., 83; Roe v. Davis, 7 East., 363.   But he did not refuse upon that ground; he made no questions concerning the authority of Holmes, or the genuineness of the receipt.   The call, by Holmes, with the bill receipted in his hand, was as much a personal call upon the plaintiff, as if it had been made by the treasurer, who signed the receipt.

The defendant company cannot be considered as having waived their right to be exempted from liability for the plaintiff's loss, by their subsequent assessment and collection to cover it.   The plaintiff was no party to that proceeding; he claimed that the company were liable to him for the loss, and whether or not they were liable might depend upon the uncertain result of a lawsuit.   They might, very properly, have made the assessment and collection.   If they were liable, they would then have funds to pay for the loss.   If they were not liable, they would have a surplus, which they would, of course, be bound to appropriate, according to the legal rights of those interested therein.

*Plaintiff nonsuit.*